CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 22, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ E. Jones**
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| ALISHA DONIGAN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:26-cv-00262 |
| | ) | |
| v. | ) | |
| | ) | |
| CARILION CLINIC HEALTHCARE | ) | |
| CORPORATION SYSTEMS, et al., | ) | **By: Robert S. Ballou** |
| Defendants. | ) | **United States District Judge** |

**MEMORANDUM OPINION**

Alisha Donigan, *pro se*, applied to proceed *in forma pauperis* in this court, bringing this action against multiple defendants, including Carilion Clinic Healthcare Corporation Systems ("Carilion"), eleven doctors and other healthcare professionals and staff who work at Carilion, and the Roanoke City Police Department.[1] The court will grant Donigan's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Dkt. 2. However, having granted Donigan *in forma pauperis* status, the court finds her claims are legally frivolous and, therefore, will dismiss this action *sua sponte* for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.  Factual Background

In her Complaint, Donigan alleges that "over the past years" she and her children have suffered, including sickness, lost cars and jobs, and post traumatic stress disorder from being "mistreated and misdiagnosed." Dkt. 1. Donigan includes generalized allegations against only

---

[1] Donigan has also moved to add six additional defendants to her case. Dkt. 4. However, she fails to include any allegations specific to these defendants. Accordingly, her motion is denied. If Donigan chooses to file an Amended Complaint within the time permitted, she should include only defendants against whom she alleges specific factual allegations.

one doctor, Dr. Sarah Matthews, who is not actually named as a defendant in the Complaint[2], writing "medical negligence/misdiagnosis" and "emergency room [doctors] medical negligence." *Id.* Donigan also alleges, without elaboration, that the Roanoke City Police Department "violated multiple rights" and that Carilion should have better policies in place to protect patients, instead of treating them like prisoners. *Id.* Donigan, without pointing to any specific defendants or including supporting facts, states that "multiple doctors worked together to hide evidence of medical neglect and diagnosis from long ago [and] falsely accused [her] of mental illness." *Id.* As relief, Donigan asks for $15 million dollars, which would include the medical expenses for further treatment with an infection specialist, a dermatologist, and an esthetician, gym membership for 10 years at the gym of her choice in Florida, a new car to replace her old car which "was full of maggots which could have brought on the issue" and disfigurement for "massive scarring all over [her] body." *Id.*

## II.    Law & Analysis

As a *pro se* litigant, Donigan's pleadings are afforded liberal construction and held to a less stringent standard than formal pleadings drafted by counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even a *pro se* Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because Donigan filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, the Court is authorized to dismiss the case if it "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Chitty v. Liberty Univ.*, 547 Fed. App'x. 299, 300 (4th Cir.

---

[2] The Complaint does name as a defendant Dr. Kimberly Matthews.

2013) ("Because [plaintiff] moved for and was granted leave to proceed in forma pauperis, § 1915(e)(2)(B) authorized the *sua sponte* dismissal effected by the district court.").

Donigan lists various statutes she alleges provide relief in this case, including the Health Insurance Portability and Accountability Act ("HIPAA"), 18 U.S.C. § 1035, the False Claims Act, and the Federal Tort Claims Act.[3] Donigan also alleges Constitutional violations, as well as medical negligence and fraudulent concealment. However, these statutes do not offer redress here, and Donigan fails to assert specific factual allegations supporting any statutory, constitutional or state law violations, instead making only conclusory statements. Donigan's allegations fail to state a claim for relief that is plausible as is required under *Iqbal* and *Twombly* and thus the Complaint will be summarily dismissed. Still, the Court will discuss the claims, to the extent they can be understood, along with the pleading requirements.

While Donigan does not allege how defendants violated HIPAA, the statute prohibits the disclosure of medical records without a patient's consent. 42 U.S.C. §§ 1320d-1 *et. seq.* However, there is no private cause of action under HIPAA. *Payne v. Taslimi*, 998 F.3d 648, 660

---

[3] The Emergency Medical Treatment and Active Labor Act ("EMTALA") imposes a "limited duty on hospitals with emergency rooms to provide emergency care to all individuals who come there." *Brooks v. Maryland General Hosp., Inc.,* 996 F.2d 708, 715 (4th Cir.1993); 42 U.S.C. § 1395dd. While Donigan does not reference this statute specifically, the court will discuss it briefly because Donigan is *pro se* and primarily references treatment received in the emergency room. "A hospital satisfies the requirements of § 1395dd(a) if its standard screening procedure is applied uniformly to all patients in similar medical circumstances." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 881 (4th Cir. 1992). Significantly, "EMTALA is not a substitute for state law malpractice actions, and was not intended to guarantee proper diagnosis or to provide a federal remedy for misdiagnosis or medical negligence." *Power v. Arlington Hosp. Ass'n*, 42 F.3d 851, 856 (4th Cir. 1994). Accordingly, it is not likely applicable to Donigan's allegations against Carilion.

(4th Cir. 2021) (holding, along with "every circuit court to consider whether HIPAA created a private right to sue," that it does not). Similarly, Donigan cannot bring a claim under 28 U.S.C. § 1035 (False Statements Relating to Healthcare Matters) because this is a criminal statute which does not create a private cause of action. *See Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987) (holding that unless Congress specifically intends, federal criminal statutes do not create private rights of action); *see also Hairston v. Gallagher*, No. 1:25-CV-02657-JRR, 2025 WL 2457655, at *2 (D. Md. Aug. 26, 2025) (holding that 18 U.S.C. § 1035 is a criminal statute that does not confer a private right of action). Regarding the FCA, Donigan does not allege all of the required elements showing (1) "there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a 'claim')." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir. 1999).[4] The Federal Tort Claims Act permits citizens to sue the United States in federal court for torts committed by government employees, which Donigan does not allege here.[5] *See* 28 U.S.C. § 1346. Finally, Donigan does not set out sufficient facts to show any claim under the Fourteenth

---

[4] To the extent that Donigan attempts to bring a claim under Virginia law for fraudulent concealment, she likewise does not allege the required elements. *See Van Deusen v. Snead*, 441 S.E.2d 207, 209 (Va. 1994) (the "party alleging fraud must prove by clear and convincing evidence (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to him.").

[5] Donigan also does not indicate she fulfilled the jurisdictional prerequisite to filing suit under the FTCA by presenting her claim to the appropriate federal agency within two years of the accrual of the cause of action. *See* 28 U.S.C. § 2401(b) ("[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . . ."); *Est. of Van Emburgh ex rel. Van Emburgh v. United States*, 95 F.4th 795, 800-01 (4th Cir. 2024) (discussing FTCA's exhaustion requirement).

Amendment, which also requires a "state action", and does not apply to private hospitals. *Modaber v. Culpeper Mem'l Hosp., Inc.*, 674 F.2d 1023, 1024 (4th Cir. 1982).

Donigan's attempt to allege a claim for medical negligence, can also be construed as a medical malpractice claim under Virginia law. *See e.g. Tucker v. United States*, No. 3:23-CV-96–HEH, 2024 WL 4863295, at *4 (E.D. Va. Nov. 21, 2024) (noting the elements of elements of medical malpractice and medical negligence are substantially the same and that the Virginia Medical Malpractice Act definition of medical malpractice encompasses negligence). Again, however, Donigan's allegations are wholly conclusory, alleging that she was misdiagnosed and mistreated, without supporting facts. To establish a medical malpractice claim in Virginia, "a plaintiff must establish not only that a defendant violated the applicable standard of care, and therefore was negligent, the plaintiff must also sustain the burden of showing that the negligent acts constituted a proximate cause of the injury or death." *Bitar v. Rahman*, 630 S.E.2d 319, 323 (Va. 2006) (citation omitted). Virginia law defines the standard of care as "that degree of skill and diligence practiced by a reasonably prudent practitioner in the field of practice or specialty in this Commonwealth." Va. Code § 8.01–581.20(A) Donigan has not set forth a cognizable claim for medical negligence or medical malpractice.

Further, the Virginia Medical Malpractice Act requires that, prior to serving the defendant, a party alleging medical malpractice must obtain an expert certification of merit indicating that the defendant "deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed." Va. Code § 8.01–20.1. If a plaintiff fails to obtain a necessary certifying expert opinion at the time the plaintiff requested service, "the court

shall impose sanctions . . . and may dismiss the case with prejudice."[6] *Id*. While a limited exception to the certification requirement exists excusing expert certification if expert testimony is unnecessary, this exception "applies only in 'rare instances' because only rarely do the alleged acts of medical negligence fall within the range of a jury's or factfinder's common knowledge and experience." *Parker v. United States*, 475 F. Supp. 2d 594, 597 (E.D. Va.), *aff'd*, 251 F. App'x 818 (4th Cir. 2007) quoting *Beverly Enter.-Va., Inc. v. Nichols,* 441 S.E.2d 1, 3 (Va. 1994). Finally, Donigan may have failed to file suit within the applicable two-year Virginia statute of limitations for personal injuries. Va. Code § 8.01-243. She does not include the dates the medical negligence allegedly occurred but references "medical neglect and misdiagnosis from long ago." Dkt. 1.

### III.    Conclusion

Accordingly, this case is dismissed pursuant to 28 U.S.C. § 1915, with leave to file an Amended Complaint. If plaintiff wishes to file an Amended Complaint she may do so within 30 days. An appropriate Order accompanies this Memorandum Opinion.

Entered:  April 22, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[6] Here, Donigan has filed a Proposed Summons for defendants. *See Keitz v. Unnamed Sponsors of Cocaine Research Study,* 510 F. App'x 254, 255–56 (4th Cir.2013) (finding it improper for a district court to dismiss a complaint based on § 8.01–20.1 when plaintiff had neither requested service of process upon a defendant nor requested a defendant to accept service of process).